[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum
The defendant has filed a motion for summary judgment arguing that the plaintiffs claim of wrongful property assessment is collaterally estopped pursuant to a prior owner's 1988 stipulated judgment on appeal from Board of Tax Review. The validity of the revaluation used in the judgment, however, is unresolved.
Collateral estoppel may have barred the plaintiffs claim if the claim had arisen within the ten years after the revaluation. In Uniroyal Inc.v. Board of Tax Review, 182 Conn. 619, 633, 438 A.2d 782 (1981) (Uniroyal II), the court cited Conn. Gen. Stat. § 12-62 and stated that "[t]he 1971 revaluation in Middlebury is valid for a period of ten years." The court found that the valuation established in an earlier lawsuit,Uniroyal Inc. v. Board of Tax Review, 174 Conn. 380, 389 A.2d 734 (1978) (Uniroyal I), was dispositive to the plaintiff's case in Uniroyal II. The doctrine of collateral estoppel bars a property owner from challenging an assessment where the value of the property was determined in a prior tax appeal related to the same decennial revaluation. Maharishi School v.City of Hartford, 20 CONN.L.RPTR. No. 16, 569 (January 12, 1998) CT Page 15604-a (Aronson, J.), citing JMB Realty Corp. v. City of Hartford, 17 CONN.L.RPTR. 217 (June 14, 1996) (Aronson, J.).
In this case, the last valuation performed by the City of Waterbury occurred in 1980. No subsequent revaluation occurred in 1990 as required by Conn. Gen. Stat. § 12-62.
Because the stipulated judgment of 1988 refers to the decennial revaluation of 1980, it does not apply to the property valuation for those years which follow 1990. Counsel has cited no law that posits that the valuation of 1980 is still valid. Accordingly, a genuine issue of material fact exists as to the valuation of the subject property. Therefore, the defendant's motion for summary judgment is denied.
LEHENY, J.